IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **ARIZONA PACIFIC WOOD PRESERVING, INC.** | **PLAINTIFF/ COUNTER DEFENDANT** |
| v. | Civil Action No. 2:13-cv-139-HSO-RHW |
| **MISSISSIPPI MAT AND TIE, LLC** | **DEFENDANT/ COUNTER CLAIMANT** |

**ORDER DENYING PLAINTIFF/COUNTER DEFENDANT'S MOTION FOR DEFAULT JUDGMENT, GRANTING DEFENDANT/ COUNTER CLAIMAINT'S MOTION TO SET ASIDE DEFAULT ENTRY BY CLERK, AND DENYING AS MOOT DEFENDANT/COUNTER CLAIMANT'S MOTION TO STAY OR, IN THE ALTERNATIVE, MOTION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

BEFORE THE COURT are three Motions: (1) Plaintiff/Counter Defendant Arizona Pacific Wood Preserving, Inc.'s Motion [6] for Default Judgment; (2) Defendant/Counter Claimant Mississippi Mat and Tie, LLC's Motion [11] to Set Aside Default Entry by the Clerk; and (3) Mississippi Mat and Tie's Motion [15][17] to Stay or, in the Alternative, Motion for Additional Time to Respond to Plaintiff's Motion for Default Judgment.  After due consideration of these Motions, the record, and relevant law, the Court finds that Arizona Pacific's Motion [6] for Default Judgment should be denied, Mississippi Mat and Tie's Motion [11] to Set Aside Default Entry by the Clerk should be granted, and Mississippi Mat and Tie's Motion [15][17] to Stay or, in the Alternative, Motion for Additional Time should be denied as moot.

I. BACKGROUND

On June 28, 2013, Arizona Pacific filed its Complaint [1] against Mississippi Mat and Tie.  On July 11, 2013, Ryan Ladner, a member and manager of Mississippi

Mat & Tie, was personally served with process by a deputy sheriff of Lamar County, Mississippi. Summons [3]. According to his affidavit, Ladner submits that he was talking on the phone when he was served, laid the documents aside, and "did not appreciate or understand the documents which [he] received to be a formal lawsuit against his company." Aff. of Ryan Ladner [11-1] at p. 1. Ladner maintains that the documents were then misplaced before he reviewed them. *Id.* at pp. 1-2.

On August 8, 2013, Arizona Pacific filed a Motion [4] for Clerk's Entry of Default, and a Clerk's Entry of Default [5] was entered on August 8, 2013. On August 9, 2013, Arizona Pacific filed a Motion [6] for Default Judgment against Mississippi Mat and Tie. On September 4, 2013, United States District Judge Keith Starrett, the district judge originally assigned to this case, set a hearing on the Motion for Default Judgment to take place on September 25, 2013. Order [7]. Judge Starrett ordered Arizona Pacific to serve Mississippi Mat and Tire with a copy of the Order setting the hearing and a copy of the Motion for Default Judgment. *Id.* at p. 2.

After receiving the Order [7] and Motion [6] for Default Judgment, Ladner obtained legal counsel to enter an appearance on behalf of Mississippi Mat and Tie. Aff. of Roger Ladner [11-1] at pp. 1-2. On September 23, 2013, Mississippi Mat and Tire filed its Answer and Counterclaims [9] against Arizona Pacific. On September 24, 2013, Judge Starrett recused himself from further participation in this case, the scheduled hearing on the Motion for Default Judgment was canceled, and this case was reassigned to the undersigned district judge. On September 26, 2013,

Mississippi Mat and Tie filed a Motion [11] to Set Aside Default Entry by the Clerk. On October 1, 2013, Mississippi Mat and Tie filed a Motion [15][17] to Stay or, in the Alternative, Motion for Additional Time to Respond to Arizona Pacific's Motion for Default Judgment.

## II.  DISCUSSION

Arizona Pacific seeks default judgment against Mississippi Mat and Tie pursuant to Federal Rule of Civil Procedure 55(b)(2), and Mississippi Mat and Tie requests that the Court set aside the Clerk's Entry of Default [5] pursuant to Federal Rule of Civil Procedure 55(c).  "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989).  "[T]hey are available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* (internal citations omitted). "[T]he courts have evidenced a clear and salutary preference for disposition of litigation on the merits; rather than by default judgment." *Amberg v. Federal Deposit Ins. Corp.,* 934 F.2d 681, 685 (5th Cir. 1991).

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996).  Default judgments "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000)(citing *Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984)).

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The requirement of good cause has generally been liberally construed. *Amberg*, 934 F.2d at 685. The Fifth Circuit has stated that weighing the following factors is "useful" when determining whether to set aside a clerk's entry of default: (1) whether the failure to act was wilful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy,* 227 F.3d at 292. Other factors may also be considered, including whether the defendant acted expeditiously to correct the default. *Id.*

While its Answer [9] to Arizona Pacific's Complaint was untimely, the Court finds that Mississippi Mat and Tie's failure to act was not wilful and that it has acted expeditiously to correct the default. This litigation is in its early stages, and no prejudice to Arizona Pacific outweighs the Court's preference for disposition of cases on their merits. Under the circumstances here, the Court finds that a default judgment should not be entered against Mississippi Mat and Tie and that the Clerk's Entry of Default [5] as to Mississippi Mat and Tie should be set aside. Mississippi Mat and Tie's Motion [15][17] to Stay or, in the Alternative, Motion for Additional Time to Respond to Plaintiff's Motion for Default Judgment should be denied as moot.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff/Counter Defendant Arizona Pacific Wood Preserving, Inc.'s Motion [6] for Default Judgment, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant/Counter Claimant Mississippi Mat and Tie, LLC's Motion [11] to Set Aside Default Entry by the Clerk, is **GRANTED**. The Clerk's Entry of Default [5] is **SET ASIDE** as to Mississippi Mat and Tie, LLC.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant/Counter Claimant Mississippi Mat and Tie, LLC's Motion [15][17] to Stay or, in the Alternative, Motion for Additional Time to Respond to Plaintiff's Motion for Default Judgment, is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of October, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE